IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JORDAN GASSAWAY, | * | |
| Petitioner, | * | |
| | | Civ. Action No. RDB-16-1637 |
| v. | * | Crim. Action No. RDB-12-0457 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

In 2013, *pro se* Petitioner Jordan Gassaway ("Petitioner" or "Gassaway") pled guilty before this Court to one count of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951. (Indictment, ECF No. 1; Plea Agreement, ECF No. 16.)  On September 24, 2013, this Court sentenced Gassaway to 120 months of imprisonment. (Judgment, ECF No. 22.)  Gassaway's sentence was reduced to 96 months on March 13, 2015. (Amended Judgment (SEALED), ECF No. 34.)  Pending before this Court is Gassaway's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 37.)  The submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018).  For the reasons set forth below, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 37) is DENIED.

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. See *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 F. App'x 141, 142 (4th Cir. Oct. 5, 2017) (per curiam) (unpublished) (citing *Erickson* for the proposition that "[p]ro se complaints and pleadings, however inartfully

pleaded, must be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers"). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426-27 (1962) (citing 28 U.S.C. § 2255). When seeking relief under 28 U.S.C. § 2255, a petitioner bears the burden of proving his or her grounds for collateral relief by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a " 'collateral challenge may not do service for an appeal.' " *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584 (1982)). Thus, procedural default will bar consideration under § 2255 of any matters that "could have been but were not pursued on direct appeal, [unless] the movant shows cause and actual prejudice resulting from the errors of which he complains." *United States v. Pettiford*, 612 F. 3d 270, 280 (4th Cir. 2010) (citing *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999)).

Gassaway's Motion consists of one sentence, which seeks "some relief from the new U.S. v. Johnson." (ECF No. 37.) In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court of the United States held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), was unconstitutional because it failed to provide sufficient notice of the types of convictions covered under the ACCA. Gassaway is ineligible for relief under *Johnson* because he was not sentenced as a career offender. (Presentence Report, ECF

No. (SEALED), ECF NO. 19.)  Petitioner's offense level was 25, with a criminal history category of III.  (Statement of Reasons (SEALED), ECF No. 23.)  His Presentence Report does not indicate that any sentencing enhancements were applied to his offense level based on criminal history, and the Guideline Provisions paragraph does not mention the career offender guidelines or the Armed Career Criminal Act.  (Presentence Report, ECF No. (SEALED), ECF NO. 19.)  Accordingly, the *Johnson* decision is inapplicable to Petitioner's case, and his Motion must fail.

For the foregoing reasons, Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 37) is DENIED.  Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, this Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies a petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

Accordingly, for the reasons stated above, it is HEREBY ORDERED this 5th day of May, 2020, that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §

2255 (ECF No. 37) is DENIED;

2. A certificate of appealability shall not issue and is DENIED; and

3. The Clerk of this Court shall CLOSE this case.

\_\_\_\_\_/s/_____
Richard D. Bennett
United States District Judge